IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CR-00124-BR-1

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BRANDON GRANT BELL | ) | |

This cause comes before the Court upon Brandon Grant Bell's pro se motion for waiver of transcript fees. (DE-36). Bell requests a waiver for the $91.25 in costs of producing the transcript of his sentencing hearing. For the reasons stated herein, the motion for waiver of transcript fees is denied without prejudice.

Section 753(f) of Title 28, United States Code addresses the circumstances under which documents may be provided to indigent criminal defendants at government expense. Section 753(f) provides in pertinent part that the United States shall pay the fee for a transcript to be furnished to a person permitted to bring an action under § 2255 *in forma pauperis* "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit . . . ." 28 U.S.C. § 753(f). Because there is no constitutional requirement that an indigent defendant be supplied free transcripts (or other court documents) in order to collaterally attack a conviction or sentence, the defendant must show a "particularized need" for the documents. United

1

States v. MacCollom, 426 U.S. 317, 323-30 (1976); *see also* Morin v. United States, 522 F.2d 8, 9 (4th Cir. 1975); McQueen v. United States, No. 5:09-CR-253-F, 2012 U.S. Dist. LEXIS 9736, at *3 (E.D.N.C. Jan. 27, 2012). An indigent petitioner is not entitled to transcripts at government expense "merely to comb the record in the hope of discovering some flaw." United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963).

In the instant case, Bell pleaded guilty pursuant to a written plea agreement on May 2, 2011 to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924. (DE-22, DE-23). The district court sentenced Bell to 46 months' imprisonment on August 4, 2011. Bell did not appeal his conviction or sentence. As Bell did not appeal, his judgment of conviction became final for purposes of the one-year statute of limitations set forth in 28 U.S.C. § 2255 on August 4, 2012. *See* United States v. Sanders, 247 F.3d 139, 142-43 (4th Cir.) (concluding that, where a petitioner does not pursue direct appellate review, his judgment of conviction becomes final for purposes of the one-year limitations period for filing a motion pursuant to § 2255 on the date the district court enters judgment), *cert. denied*, 534 U.S. 1032 (2001); Martinez v. Haynes, No. 5:09-HC-2008-D, 2010 U.S. Dist. LEXIS 82498, at *6-7 (E.D.N.C. Aug. 4, 2010) (applying same analysis for 28 U.S.C. § 2254 petition).

Here, Bell shows no particularized need for the sentencing hearing transcript. He does not indicate why he is seeking the transcript; presumably, he intends to challenge his sentence in some manner. However, if Bell intends to pursue a motion to vacate under 28 U.S.C. § 2255, he will have to demonstrate why the Court should not dismiss such a motion

2

as untimely. Because he has failed to set forth reasons showing a particularized need for his sentencing transcript, the undersigned cannot determine whether Bell's intended suit is frivolous, or whether the sentencing transcript is needed to decide the issue presented by the suit, as required by 28 U.S.C. § 753(f). Accordingly, the motion for waiver of transcript fees (DE-36) is DENIED WITHOUT PREJUDICE.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Tuesday, May 28, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE